**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo James Jefferson, Jr., | No. CV-21-00054-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Heisner, et al., | |
| Defendants. | |

      Pending before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 12) to which Defendants responded in opposition (Doc. 14).

      Plaintiff, who is incarcerated in Cochise County Jail, brought this action pursuant to 42 U.S.C. § 1983, alleging unlawful disciplinary action and unconstitutional conditions of confinement. (*See* Docs. 2, 7.) Defendant Heisner, the sole Defendant remaining upon screening, was served on April 5, 2021. (Doc. 7 at 7; Doc. 9.) In the instant Motion, Plaintiff argues that the Court should appoint counsel because (1) he is unable to afford counsel; (2) his incarceration will limit his ability to litigate his case, which involves complex issues; (3) he lacks access to a law library; and (4) appointed counsel would better enable him to present evidence and cross-examine witnesses at trial. (Doc. 12.) In response, Defendant argues that (1) Plaintiff is unlikely to succeed on the merits of his case; (2) the case is straightforward and not complex; (3) no exceptional circumstances

are present that would merit appointment of counsel; and (4) incarceration, indigency, and lack of legal expertise do not warrant appointment of counsel. (Doc. 14.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear that exceptional circumstances are present that would require the appointment of counsel at this time. *See Wilborn*, 789 F.2d at 1331. Plaintiff makes no argument regarding his likelihood of success on the merits of his claims. His claims are not particularly complex, and the Court finds no indication that Plaintiff will not be able to articulate and litigate them. Plaintiff's status as an incarcerated and self-represented litigant does not constitute an "extraordinary circumstance" warranting the appointment of counsel. Accordingly, the Court will deny Plaintiff's Motion without prejudice to re-filing at a later point in these proceedings.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 12) is **denied without prejudice**.

Dated this 24th day of May, 2021.

_____
Honorable Rosemary Márquez
United States District Judge